UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 24-20257-CR-RUIZ/LOUIS

**UNITED STATES OF AMERICA**

vs.

**JOSE ANGEL QUINTANA,**

    **Defendant.**

_____

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    There are recorded statements of the defendant.

        2.    That portion of the written or recorded record, if any, containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

        3.    The defendant did not testify before the Grand Jury.

        4.    The NCIC records check of the defendant is attached.

        5.    For your convenience, a substantial portion of the salient documents, reports and records have been provided for your review in paper and electronic form. Please be advised, however, that the attachments do ***not*** contain copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. These documents are available for inspection, as described below.

            Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendant (or accomplices) may be inspected at a mutually convenient time at the Federal

|   |   |
|---|---|
|   | Bureau of Investigation, 2030 SW 145th Avenue, Miramar, Florida. Please call the undersigned attorney to set up a date and time that is convenient to both parties. |
| 6. | There were no physical or mental examinations or scientific tests or experiments made in connection with this case. |
| B. | **DEMAND FOR RECIPROCAL DISCOVERY:** The United States requests the disclosure and production of materials enumerated in Section 88.10(b) of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. |
| C. | The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976). |
| D. | The government will disclose under separate cover any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959). |
| E. | The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. |
| F. | The defendant was identified by his DAVID photo, a copy of which is included in the attachments. |
| G. | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H. | The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I. | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |

J.      The government has ordered and transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      No contraband is involved in this indictment.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.      To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. Please note, however, that at trial the government intends to offer evidence summarizing voluminous bank records and describing the details of certain financial transactions. The government does not believe this constitutes expert opinion testimony within the meaning of Fed. R. Evid. 702, 703 or 705. *See United States v. Hamacker*, 455 F.3d 1316, 1330-32 (11th Cir. 2006) (rejecting defendant's argument that a testifying analyst was an expert, or that the witness offered expert opinions, when the witness merely compared and summarized records). If defense counsel disagrees with the government's assessment, then counsel should contact the undersigned in an effort to resolve the issue, if possible, without court intervention.

Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.      The government will attempt to seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

Take note that the government intends to offer banking, corporate, inventory and other records in its case-in-chief pursuant to Fed. R. Evid.

902(11), and has provided or will provide certifications for those records consistent with Fed. R. Evid. 803(6)(A)-(C). If counsel challenges the certifications or otherwise objects the admissibility of these records under FRE 902(11), please contact the undersigned to discuss the possibility of resolving the issue without need for court intervention.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The records being produced have a bate-stamp range:

GOV-0000001 through GOV-00003867.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate times, dates, and places of the offenses are listed in the Indictment.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: *Marc Canzio*
Marc T. Canzio
Special Assistant United States Attorney
FL Bar No. 106306
99 Northeast 4th Street, 4th Floor
Miami, Florida 33132-2111
Tel: (305) 961-9292
Email: Marc.Canzio@usdoj.gov

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on July 29, 2024, the undersigned electronically filed the foregoing document with the Clerk of Court using CM/ECF. A copy of the documents identified in this discovery response numbered GOV-0000001 through GOV-00003867 has been served electronically via the USAFX portal, on July 29, 2024, to counsel for the defendant, Juan Gonzalez, 2460 SW 137 Avenue, Suite 254, Miami FL, 33175, JuanGonzalezLaw@aol.com.

                                                  _Marc Canzio_
                                                  Marc T. Canzio
                                                  Special Assistant United States Attorney